## DISCIPLINARY DOCKET

**95–2139.  Dayton Bar Assn. v. Overman.**

On February 22, 1996, this court permanently disbarred respondent, John Overman, a.k.a. John Laurence Overman, Attorney Registration No. 0044025, and ordered him to immediately cease and desist the practice of law in Ohio, surrender his Certificate of Admission and attorney registration card, file an affidavit of compliance and pay board costs in the amount of $9,119.62.  On May 23, 1996, this court ordered respondent to show cause why he should not be held in contempt for failure to comply with the court's order of February 22, 1996.  On June 6, 1996, movant, Disciplinary Counsel, filed a Motion for an Order to Show Cause and an Order to Appear, and on August 7, 1996, this court granted the motion and ordered respondent to show cause in writing, by August 27, 1996, why he should not be held in contempt.  Respondent did not respond, and on September 25, 1996, this court found respondent in contempt and ordered him to appear in person before this court at 9:00 a.m. on October 8, 1996.  Respondent failed to appear as ordered.  On December 26, 1996, this court ordered that warrants be issued for the arrest of respondent to the Sheriffs of Montgomery and Butler Counties, and to the sheriffs of such other counties as the contemnor may frequent.  On January 10, 1997, warrants for the arrest of respondent were issued to the Sheriffs of Montgomery, Butler and Hamilton Counties.

It has come to the attention of the court that respondent has been arrested by the Sheriff of Hamilton County, and that an appearance bond in the amount of $1,000 has been set by the Hamilton County Common Pleas Court, conditioned upon respondent's appearance before this court to answer the contempt charge against him.  Accordingly,

IT IS ORDERED by the court, *sua sponte,* that respondent is ordered to appear in person before this court on February 18, 1997, at 9:00 a.m.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS DISMISSALS

**96–2496.  Hunt v. Westlake City School Dist. Bd. of Edn.**

Cuyahoga App. No. 70190.  This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County.  Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.